UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Steven Johnson,<br><br>Plaintiff,<br><br>v.<br><br>Norfolk Southern Railway Corp.,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

## **INTRODUCTION**

1. Steven Johnson was a loyal employee for Norfolk Southern Railway Corp. for more than twenty years. At the time of the incident at issue in this case, Johnson worked for a supervisor who views the conduct of black employees through a harsher lens than of white employees. When the supervisor saw that Johnson, who is black, had clocked out thirty minutes after a white coworker, the supervisor assumed because Johnson is black that Johnson was stealing time. In truth, Johnson had worked longer than his coworker, which is why he clocked out thirty minutes later. And, in any event, white employees frequently take longer to clock out than Johnson. Nevertheless, the supervisor accused Johnson of time theft, and Norfolk Southern terminated him.

2. Norfolk Southern's conduct violates Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*.

## **PARTIES**

3. Johnson, a black individual, resides and works for Norfolk Southern in Virginia.

4. Norfolk Southern, a railroad carrier engaged in interstate commerce, is headquartered and operates trains in this district.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Norfolk Southern because Norfolk Southern is headquartered in this district, Norfolk Southern operates trains in this district, and a substantial portion of Norfolk Southern's acts and omissions giving rise to Johnson's claims occurred in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Norfolk Southern is headquartered in this district and a substantial portion of Norfolk Southern's acts and omissions giving rise to Johnson's claim occurred in this district.

## FACTUAL ALLEGATIONS

8. Johnson worked for Norfolk Southern for more than twenty years.

9. In January of 2020, Johnson was working for a supervisor who views conduct by black employees through a harsher lens than that of white employees.

10. When the supervisor saw that Johnson had clocked out thirty minutes after a white coworker, the supervisor assumed because Johnson is black that Johnson was stealing time.

11. Johnson was not stealing time.

12. The supervisor nevertheless accused Johnson of time theft, and Norfolk Southern terminated him.

13. This despite white coworkers receiving no discipline for having taken longer to perform the same tasks.

## CAUSES OF ACTION

### COUNT I
### DISCRIMINATION

14. Section 2000e-2(a) of Title VII prohibits discrimination because of race.

15. Norfolk Southern discriminated against Johnson when it terminated him.

16. Norfolk Southern terminated Johnson because of his race.

17. Because Norfolk Southern violated 42 U.S.C. § 2000e-2(a), Johnson has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Johnson is also entitled to attorneys' fees and costs incurred in connection with these claims.

18. Norfolk Southern committed the above-alleged acts with reckless or deliberate disregard for Johnson's rights. As a result, Johnson is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Johnson prays for judgment against Norfolk Southern as follows:

1. That the practices of Norfolk Southern complained of herein be determined and adjudged to constitute violations of Title VII;

2. For an injunction against Norfolk Southern and its directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3. For the discipline at issue in this case to be expunged from his record;

4. For an award of damages arising from loss of past and future income, emotional distress, and other compensatory damages in an amount to be determined by

the trier of fact;

    5.      For the maximum amount of punitive damages allowed by statute;

    6.      For an award of pre-judgment interest, as provided by law;

    7.      For an award of Johnson's costs, disbursements and attorneys' fees pursuant to law;

    8.      For all relief available under Title VII;

    9.      For such other and further relief available by statute; and

    10.     For such other and further relief as the Court deems just and equitable.

**PLAINTIFF'S COUNSEL**

Dated: January 7, 2022

s/ *Nicholas D. Thompson*
Nicholas D. Thompson (MN389609)
Casey Jones Law
3520 Cherryvale Avenue, Suite 83
Appleton, WI 54913
Phone: (757) 477-0991
Email: nthompson@caseyjones.law